PHILIP HOWARD v. MILES M. BATTLE, ADM'R.

Where letters of administration were granted and publication made in January, 1839, and a claim was allowed by the administrator and approved by the Probate Judge in 1842, it was held that a proceeding commenced in the County Court in 1850, to compel the administrator to make payment, could not be defeated on the ground that the claim had not been allowed within a year after notice of the grant of letters of administration.

The allowance of a claim by the administrator and its approval by the Probate Judge, stops the running of the Statute of Limitations.

Where an administrator has allowed a claim, without authentication, and it has been approved by the Probate Judge, the payment of such claim cannot afterwards be defeated at the instance of the administrator, on the ground merely of the want of authentication when allowed and approved, especially where such claim has been assigned, and the payment thereof has been delayed for years by promises of payment made by the administrator.

Appeal from Fort Bend. Tried below before Constantine W. Buckley, Esq., appointed by the parties.

June 15th, 1837, William Smothers sold and conveyed to Robert E. Handy, a half league of land situated in what was then Gonzales county, now Lavaca county, taking his notes

Vol. XVIII.      43

for the purchase money, and a mortgage on the land to secure their payment. One note was for $851 96, payable thirty-six months after date. Smothers died soon afterwards, and his will was probated August 28th, 1837, and letters testamentary issued same day to his executor Archibald Smothers. The will bequeathed the note before mentioned, to said Archibald. Handy died in 1838 and letters of administration on his estate were issued to John Levering, by the Probate Court of Fort Bend county. On and after the 12th of January, 1839, Levering gave notice by publication for four successive weeks in the Telegraph, a public newspaper published at the city of Houston, to all creditors of said Handy to present their claims duly authenticated, &c. December 28th, 1840, Miles M. Battle was appointed administrator *de bonis non* of said Handy. June 18th, 1842, the note for $851 96 was allowed by Battle, Adm'r, &c., and there was an approval by J. B. Miller, Judge of Probate, written immediately afterwards, without other date. It did not appear that the claim had been authenticated. The land for which the note for $851 96 was given was sold by Battle, adm'r, &c., in 1841 or 1842, as was stated in an account of sales, "to satisfy a mortgage," for $755 48. A report filed by Battle in 1841 showed that the assets of the estate were $16,393 75, and its liabilities $6,306 60. But Handy and one Samuel Lusk had been partners in business, and the above report referred to an account of said Lusk as surviving partner, filed there with, but it did not appear to have been introduced in evidence.

In 1848 Archibald Smothers purchased a stud horse from Philip Howard, and gave him in payment therefor, an order on Battle with authority to sue for and collect the whole amount due from the estate of said Handy on the note of $851 96, and retain the price of the horse and expenses and pay over the balance to the said Archibald. This proceeding was commenced by said Howard, in the County Court of Fort Bend county, on the 4th day of May, 1850, to compel Battle to

render an account, and pay said claim. Smothers was made a party, and for a time resisted the proceeding, but finally changed his ground, and gave his assent to the right of Howard in the premises. The pleadings were repeated and amended several times, on both sides, first in the County Court and afterwards in the District Court. The defences ultimately relied on were, that Howard was not a creditor of the estate of Handy ; that the claim was barred by limitation, because it was not presented to Levering, adm'r, &c., within the year : and that it had not been authenticated when allowed and approved. It was proved by plaintiff, that when the defendant was informed of the assignment of the claim to him, soon after it was made, he promised to pay it as soon as the money could be collected to do so ; and it was proved that defendant sold real estate belonging to the estate to the amount of $5,506 97, of the disposition of which no account was shown.

The County Court ordered the administrator to file an account, and decreed that the plaintiff's claim be paid in due course of administration.

In the District Court, the Judge having been of counsel, Constantine W. Buckley, Esq., was appointed by the parties to try the case ; and a jury being waived, the judgment of the County Court was reversed and the proceeding dismissed.

*G. W. Smith*, for appellant.

*J. B. & G. A. Jones*, for appellee.

WHEELER, J. It appears that the main ground on which the defendant contested the plaintiff's right, in the Probate Court, was, that he was not a creditor of the estate, and legally entitled, as such, to call on him for payment or settlement. He pleaded that jurisdiction of the case belonged to the District Court, and not the Probate Court ; and the Sta

tute of Limitations ; but he averred that he was ready and willing "now and at all times" to make and render a full account of the condition of his intestate's estate, when called on by any one having the authority to call on him for such account ; "and that he will shortly file such account and statement, of his own accord." It thus conclusively appeers by the answer of the defendant, that the administration had not been closed, and that he had not so much as rendered an account of the condition of the estate, or of his conduct in the administration thereof. The plaintiff's demand had been acknowledged by him as administrator, admitted by the Probate Judge and ranked among the acknowledged debts of the succession, in accordance with the law then in force. (Hart. Dig. Art. 1023.) It seems that he had obtained an order to sell, and had sold the land, which had been mortgaged to secure the payment of this demand, for that purpose, even before the claim was presented to him for allowance. The claim had been assigned to the plaintiff for value ; and the defendant, shortly afterwards, and with knowledge of the assignment, had promised that when the money was collected it should be promptly paid. It appears, moreover, that he has sold property of the estate, the proceeds of which are not accounted for, and are largely more than sufficient to pay the plaintiff's demand. Upon these facts it is difficult to perceive what pretence the defendant could have to resist payment, or upon what ground the Court acted in dismissing the case. The acknowledgment of the claim, and its approval by the Probate Judge stopped the running of the Statute of Limitations. The claim was not barred ; nor the administration closed. The most that can be said adversely to the right of the plaintiff, is, that he has been dilatory in instituting proceedings against the administrator to enforce payment. But this was, doubtless, caused by the promise of the latter to make payment as soon as he could make collections. The evidence shows that he so promised the plaintiff, shortly after the claim was assigned to him, and

he had probably made similar professions and promises to the holder, before the assignment, which induced him to defer the institution of legal proceedings, in the reasonable expectation that the administrator would make payment as soon as he was in receipt of sufficient funds. Less than two years had elapsed from the time of the defendant's promise to pay the plaintiff's demand, when this proceeding was instituted; and this can not be deemed such delay as to preclude his right to demand payment. In Swenson v. Walker, (3 Tex. R. 93,) where an administrator verbally admitted a claim against the estate of his intestate to be good, and thereby induced a third person to receive the claim, it was held that he was thereby estopped from interposing any defence against it in the hands of such third person. In the present case, to permit the defendant to take advantage of the delay occasioned by the promise to pay when he could make collections, would be to sanction the perpetration of a manifest fraud upon the plaintiff. But for this promise, the plaintiff might have instituted proceedings at once; and if he failed to obtain payment from the estate, he might have had his recourse upon his assignor. The judgment of the Probate Court was that the administrator render an account of his administration; and that he pay the plaintiff's demand, in due course of administration, whenever he should have funds in hand sufficient for that purpose. With this judgment the plaintiff was content; and the defendant had no cause to complain. Instead of dismissing the suit, the Court, upon the evidence, ought to have affirmed the judgment of the Probate Court. The judgment must therefore be reversed, and such judgment be here rendered as the Court below ought to have rendered.

Reversed and reformed.