MARY J. GREGORY ET AL. v. N. L. WARD.

No. 4720.   Decided June 28, 1929.
(18 S. W., 2d Series, 1049.)

*O'Fiel & Rogan,* for plaintiffs in error.

The trial court erred in overruling the plea of four years limitation interposed by the defendant Mrs. Violet G. O'Fiel as to the demand of the plaintiff herein, as the evidence shows that more than four years had elapsed since the accrual of the plaintiff's cause of action, if any, as against the defendant, Mrs. Violet G. O'Fiel. Telchow v. House, 32 S. W., 153; Revised Statutes of Texas, 1925, Art. 5538; Revised Statutes of Texas, 1911, Art. 5688; Revised Statutes of Texas, 1925, Art. 5520; Hamm v. Hutchins, 46 S. W., 873.

The administrator of the estate of Thomas W. Gregory having allowed the notes as a claim against the estate and the Probate Court of Jefferson County, Texas, having approved said allowance, the Probate Court of Jefferson County, Texas, was possessed of the authority and had jurisdiction to order a sale of the land to satisfy said claim, and under the holding of this Court in the case of Western M. & I. Company v. Jackman, 14 S. W., 305, the District Court of Jefferson County, Texas was without authority or jurisdiction to adjudicate the matters in controversy. George v. Ryan, 60 S. W., 427; Western M. & I. Company v. Jackman, 14 S. W., 305; Cannon v. McDaniels, 46 Texas, 303; Cunningham v. Taylor, 20 Texas, 128.

*Smith, Crawford & Sonfield* and *George W. Sonfield,* for defendant in error.

It will be noted that plaintiffs in error in their pleadings in the trial court, in their brief in the Court of Civil Appeals and even in the application for writ of error herein contend that the Probate Court was wholly without jurisdiction to allow and approve the notes as claims against the estate, because the property, being homestead, was not an asset of the estate and not subject to administration. If the property was actually used as a homestead, it would not constitute an asset of the estate, and it may be, as contended by them, that liens pertaining thereto would be cognizable exclusively in the District Court, but the homestead claim would, of

course, be subject to the vendor's lien, and under their contention the case would then be at an end. Boykin v. Southwest Texas Oil Co., 256 S. W., 581; Harrell v. City of Lufkin, 280 S. W., 174; Collum v. Sanger Bros., 98 Texas, 162.

Subsequent purchasers are not necessary parties to a foreclosure as against the original vendee, but unless made parties they are not bound by the judgment and their equity of redemption is not affected. Faubian v. Rogers, 66 Texas, 472, 474; Riggs v. Bateman, 228 S. W., 179; Ufford v. Wells, 52 Texas, 612.

It is the settled policy of the law in this state to avoid a multiplicity of suits, and, in view of the constitutional and statutory provisions in reference to jurisdiction of the District Court, to settle in one suit in the District Court such issues as could not have been settled in the Probate Court. Phillips v. J. B. Watkins L. & M. Co., 90 Texas, 195; Lauraine v. Ashe, 191 S. W., 565; National Guaranty L. & T. Co. v. Fly, 69 S. W., 231; Stewart v. Webb, 156 S. W., 537; Slavin v. Greever, 209 S. W., 479; Frychberg v. Scott, 218 S. W., 21; Nevill v. Hinckel, 276 S. W., 324.

If then the judgment is in any manner erroneous, being so only in so far as it forecloses the lien and orders the sale as against the estate, there is no necessity for a reversal of the judgment but only a reformation thereof as concerns the estate. Fortson v. Caldwell, 17 Texas, 627; McCormick v. McNeel, 53 Texas, 15, 23; Watson v. Blymer Co., 66 Texas, 558, 561.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

On November 23, 1917, the defendant in error, M. L. Ward, conveyed by deed to Thomas W. Gregory approximately 87 acres of land out of the Horton Survey in Jefferson County, the consideration for which was paid by Gregory partly in cash and the balance evidenced by his three vendor's lien notes. The vendor's lien was retained in the deed and also in the notes to secure the payment of this unpaid part of the purchase money. The notes were payable one, two, and three years after date. Gregory died May 27, 1918, and after his death the first note was paid. On November 13, 1918, Mrs. Mary J. Gregory, the wife of the deceased, was appointed and duly qualified as administratrix of his estate. On September 3, 1921, Mrs. Gregory, individually, and the children and heirs of Thomas W. Gregory, executed and delivered to C. W. Howth and David E. O'Fiel a deed, by which, for a recited con-

sideration of Ten Dollars and "other good and valuable consideration," there was conveyed to Howth and O'Fiel the 87 acres of land previously sold by Ward to Gregory, and other lands. This deed was not placed of record, but was introduced in evidence, and on the back of it was a notation as follows: "2/1/22. For value received I and we hereby transfer all of my and our right, title and interest in the within described land to Mrs. Violet G. O'Fiel, to become her separate property. David E. O'Fiel. C. W. Howth." On October 24, 1924, Mrs. Violet G. O'Fiel and her husband, David E. O'Fiel, executed a deed purporting to convey to C. W. Howth an undivided one-half interest in the 87 acres of land here in controversy, which deed was duly acknowledged and filed for record on the day of its execution. On January 9, 1925, Mrs. Gregory, as administratrix of the estate of her deceased husband, approved the claim of indebtedness held by the defendant in error, Ward, represented by the unpaid vendor's lien notes, as a just claim and debt against her husband's estate, and on January 24, 1925, the probate court of Jefferson County, by its order duly made and entered, allowed and approved the claim. On February 21, 1923, M. L. Ward filed suit in the District Court of Jefferson County on the two vendor's lien notes previously described, against Mary J. Gregory, individually and as administratrix of the estate of Thomas W. Gregory, Deceased, the Kirby Lumber Company, the John Deere Plow Company, C. W. Howth, and David E. O'Fiel. By an amendment filed February 10, 1925, Mrs. Violet G. O'Fiel, wife of David E. O'Fiel, was also made a party defendant, and the same relief prayed for against her as was sought against the other defendants. The defendant in error Ward in his petition set forth the history of the conveyance of the land to Gregory, the execution of the deed and notes with the retention of the vendor's lien, and attached to the petition as exhibits the notes and a copy of the deed. It was shown that the vendor's lien and superior title were retained to secure the payment of the vendor's lien notes sued on, and other allegations made sufficient to authorize a foreclosure on the notes, or a recovery of the land by reason of superior title, if that relief should become necessary. It was alleged in this petition that the defendants named above, other than Mrs. Gregory, were each asserting some sort of claim to the land, but that if they, or any of them, had any such claim, it is inferior and subordinate to the vendor's lien and superior title, for the enforcement of which the suit was brought. The plaintiff also charged in the petition, upon informa-

tion and belief, that the defendants Howth, Mrs. Violet G. O'Fiel, and David E. O'Fiel, or one of them, by the terms of a written instrument, had assumed and agreed to pay off the vendor's lien notes sued upon. It was also alleged, upon information and belief, that Mary J. Gregory and the heirs of Thomas Gregory, deceased, had, on a date not stated in the petition, executed a deed to Howth, Mrs. Violet G. O'Fiel, and David E. O'Fiel, or to some of them, to all of their interest in the land, and that as a part of the consideration the parties just named had assumed the payment of the vendor's lien notes, but that the deed had not been placed of record. The petition alleged, however, that said parties were liable for the full amount of the unpaid notes, including interest and attorney's fees. They were notified to produce the deed on the trial of the case. The petition alleged that the estate of Thomas Gregory was insolvent, and had been insolvent since Mary J. Gregory was appointed administratrix, and "that on account of the conflicting claims of the defendants with the estate of Thomas Gregory, deceased, it became necessary to institute this suit in the District Court, since the probate court in which the administration of the estate of said Thomas Gregory, deceased, is pending has no jurisdiction over the defendants in this case, and it is necessary that the defendants be made parties to the suit to foreclose the vendor's lien notes and establish plaintiff's interest and claim in said land above described." Prayer was made for a judgment against the defendants, and each of them, for the full amount due on the notes, including interest and attorney's fees, foreclosure of the vendor's lien against the land as it existed November 23, 1917, and "that all adverse claims of every character of the defendants, and each of them, be cancelled, and that said land be directed to be sold according to law for the purpose of satisfying the amount of said notes, including interest, attorney's fees, and costs of court. But that if the court should be of the opinion that the plaintiff is not entitled to have judgment against the defendants for the amount of said vendor's lien notes, then and in that event plaintiff prays that he have a decree foreclosing his vendor's lien upon said above described property to the extent of the amount of said two notes, with interest, attorney's fees, and costs of court, against all the defendants; but if the court should be of opinion that plaintiff is not entitled to a judgment against the defendants, or either of them, for foreclosure of the vendor's lien upon said above described land to the extent of the amount of said notes, then and in that event

*plaintiff prays that he have judgment against defendants and each of them, for the title and possession of said land in accordance with the legal title retained in said deed by plaintiff."* (Italics ours).

The Kirby Lumber Company and the John Deere Plow Company each filed a disclaimer, and on the trial of the case judgment was entered in their favor on these disclaimers. The other defendants answered by pleas in abatement, in which they claimed that the heirs of Thomas Gregory were necessary parties to the suit, and further, in substance, that the land sought to be subjected to the vendor's lien was the homestead of Thomas W. Gregory at the time of his death, and remained the homestead of Mrs. Gregory and several of their minor children after his death, and was still the homestead; that the order of the probate court allowing and approving the defendant in error's claim of indebtedness evidenced by the notes was a nullity, for the reason that the probate court had no power or jurisdiction to allow or approve any claim affecting the estate of the Gregorys. The defendants Howth and Mrs. Violet G. O'Fiel further answered that defendant in error's right, if any he ever had, to enforce the vendor's lien against the land was barred by the four year statute of limitations. Upon a trial before a jury the court peremptorily instructed a verdict in favor of the defendant in error for a foreclosure of the vendor's lien prayed for, and for the amount of the debt due on the two notes, and entered judgment in accordance with this instructed verdict. C. W. Howth and Mrs. Violet G. O'Fiel prosecuted an appeal, on the hearing of which the Court of Civil Appeals affirmed the judgment of the trial court. (285 S. W., 935.)

The insistence of plaintiffs in error that the trial court erroneously refused to permit them to introduce evidence showing that at the time of Gregory's death the land in controversy constituted the family homestead of the Gregorys, and that it continued to be such, is without merit. The Court of Civil Appeals correctly held that the fact of homestead was no defense in a suit to enforce the collection of the purchase money notes secured by vendor's lien on the land which may have subsequently to the purchase become the homestead of the family.

The homestead section of the Constitution does not protect the homestead from forced sale for the payment of purchase money, nor attempt to invalidate mortgages, deeds of trust, or other liens on the homestead, where executed to secure the payment of purchase money.

The statutes of the State are consistent with this constitutional provision. Article 3839 expressly provides that the exemption of the homestead shall not apply "where the debt is due for the purchase money of such homestead or a part of such purchase money." Constitution, Art. 16, sec. 50; R. S., Art. 3839; Burford v. Rosenfield, 37 Texas, 42; Berry v. Boggess, 62 Texas, 239; Lennox v. Sanders, 54 S. W., 1076; Quinn v. Dickinson, 146 S. W., 993; Wood v. Smith, 165 S. W., 471; Stratton v. Westchester Fire Ins. Co., 182 S. W., 4; Jones v. Fink, 209 S. W., 777; Glenn v. Shamburger, 240 S. W., 701.

The Court of Civil Appeals correctly held that the order of the probate court of Jefferson County, designating and setting aside the 87 acres of land in controversy as the homestead of Mrs. Gregory and children, was irrelevant and immaterial, and not admissible upon the trial of the instant case. This was a suit to enforce a vendor's lien, and a homestead designation could not possibly be a defense to the suit. The Constitution and statutes and authorities we have previously cited make this plain.

We also think that the plea of limitation on the part of plaintiffs in error was without merit, for the reasons given by the Court of Civil Appeals, and deem it unnecessary to repeat them. In addition, the notes sued on had been presented as a claim to the administratrix, approved by her, and allowed against the estate by the probate court of Jefferson County. This approval and allowance was tantamount to a judgment, and in so far as any facts are shown in this record, that order of approval and allowance was a valid and binding judgment at the time of this trial, and embraced within its terms not only the questions of the integrity and validity of the notes, but of their subsistence, as unbarred debts at the time of the approval and allowance of the claim; and the plea of limitation was not available in this action. R. S., Art. 3526; Cannon v. McDaniel, 46 Texas, 309; Howard v. Battle, 18 Texas, 673; Wygal v. Myers, 76 Texas, 598.

The next question to be discussed was not expressly passed upon by the Court of Civil Appeals, but is one which has been earnestly urged in this Court. That question is, whether or not the District Court had jurisdiction of this cause? And if so, the extent to which it had lawful power to exercise that jurisdiction. The proposition presented in the application for writ of error was that "the testator of the estate of Thomas W. Gregory, having allowed the notes as a claim against the estate, and the probate court of

Jefferson County having approved said allowance, the probate court of Jefferson County was possessed of the authority and had jurisdiction to order a sale of the land to satisfy said claim, and under the holding of this court in the case of Western M. & I. Co. v. Jackman, 14 S. W., 305, the District Court of Jefferson County was without authority or jurisdiction to adjudicate the matters in controversy."

We have concluded that the District Court had jurisdiction of the case, with power to ascertain the amount due on the notes and establish and foreclose the vendor's lien, but that instead of directing the issuance of an order of sale that court should have certified the judgment to the probate court for observance and execution. The nature of this case, as disclosed by the statement we have made, showing that the suit involved controversies and issues over which, and between parties over whom, the probate court did not have jurisdiction, is such that the powers of the probate court were inadequate to grant the defendant in error the full relief to which he was entitled. It is well settled that in such a case as this one the District Court has jurisdiction and may grant relief. Cannon v. McDaniel, 46 Texas, 303; George v. Ryan, 94 Texas, 317; Lauraine v. Ashe, 109 Texas, 69, 75; Lauraine v. Masterson, 193 S. W., 708. However, we think the judgment of the District Court should be performed through the probate court, and if a sale of the property is necessary, it must be made through that court. Lauraine v. Ashe, supra, pp. 69, 76; Farmers & Merchants Bank v. Jones, 254 S. W., 251; Myers v. Evans, 68 Texas, 466; Rev. Stat., Arts. 2222, 3523. The authorities appear to be so plain that we deem any discussion unnecessary.

The judgments of the District Court and Court of Civil Appeals, in so far as they find for the defendant in error for his debt, and establishment and foreclosure of his vendor's lien, are affirmed; but in so far as said judgments direct the issuance and execution of an order of sale, they should be, and are hereby, reformed by eliminating therefrom the direction for the issuance and execution of an order of sale, and in lieu thereof the judgment of the District Court as here reformed should be certified to the probate court for observance and execution in accordance with law. The decree of this Court will further order that the parties hereto against whom the foreclosure has been adjudged do not in any way hinder or impede the execution of any order of the probate court made in the observance and execution of the judgment as reformed and entered by this

Court, and that upon a sale of the property here involved under the orders of the probate court, said parties hereto surrender and give possession thereof in the same manner as if the process were an order of sale issued directly by the District Court. The judgments of the District Court and Court of Civil Appeals are both reformed, and as reformed are affirmed.

*Reformed and affirmed.*