## DALTON v. ALLEN et al.

## No. 3926.

Court of Civil Appeals of Texas. Amarillo.
Dec. 14, 1932.

Rehearing Denied Jan. 11, 1933.

Coombes & Andrews, of Stamford, for appellant.

Smith & Smith, of Anson, for appellees.

JACKSON, J.

L. B. Allen, plaintiff, instituted this suit in the district court of Jones county against Claude H. Allen and against Lela B. Dalton individually and as administratrix of the estate of Annie L. Allen, deceased.

The plaintiff alleged that on May 24, 1921, Claude H. Allen executed and delivered to J. L. Neville a series of notes secured by a vendor's lien on 3½ acres of land sufficiently described in the petition. That all of said series of notes had been paid except note No. 3, which was for the sum of $400 and due three years after its date and provided for interest at the rate of 8 per cent. per annum, payable annually, and for 10 per cent. attorney's fees. That on November 29, 1924, J. L. Neville, for a valuable consideration, by an instrument in writing, sold and transferred said note to plaintiff, who is the legal owner and holder thereof. That on April 4, 1928, Claude H. Allen and his wife, Annie L. Allen, by written agreement, extended the due date of said note to April 4, 1930. That default had been made and the note declared due, with interest and attorney's fees, and plaintiff was entitled to a foreclosure of his lien on said land.

That he furnished Claude H. Allen, at the time the property was purchased, $750 to be used, and which was used, as a cash payment on the purchase price of said land. That as evidence thereof Claude H. Allen executed and delivered to plaintiff a promissory note dated May 24, 1921, due and payable May 24, 1927, in the sum of $750, with interest at the rate of 8 per cent. per annum, payable annually, and plaintiff thereby acquired a lien on said land to secure the payment of said note. That on May 24, 1927, Claude H. Allen executed and delivered to plaintiff a renewal note in the sum of $1,190.15, due May 24, 1932, providing for interest at the rate of 8 per cent. per annum, payable annually, and an attorney's fee of 10 per cent. That default has been made in the payment of the interest on said renewal note and plaintiff had declared the note and attorney's fees due and was entitled to a foreclosure of said lien on the land.

That Annie L. Allen, the deceased wife of Claude H. Allen, died intestate and left surviving her Lela B. Dalton, her daughter, who is of age, and her only heir. That said Lela B. Dalton is asserting some interest in said land but that such claim is inferior to plaintiff's lien and casts a cloud upon his title.

He prays for judgment against the defendants for his debt, for foreclosure of his liens, that the cloud be removed from his title, and for general and equitable relief.

Lela B. Dalton, individually and as administratrix of the estate of Annie L. Allen, deceased, filed a plea in abatement in which she states that she is the daughter of Annie L. Allen, deceased; that the land in controversy was the community property of her deceased mother and her stepfather, Claude H. Allen. That she was duly appointed administratrix of the estate of her deceased mother by the probate court of Jones county, the administration is still pending, and she is now acting as such administratrix. That plaintiff has never presented to the administratrix for approval or rejection the claims on which his suit is founded, for which reason said suit should in all things be abated.

Without waiving her plea in abatement, but subject thereto, Lela B. Dalton individually and as administratrix of the estate of Annie L. Allen, deceased, answered by demurrers, general denial, and pleaded the four-year statute of limitation against the claims asserted by the plaintiff.

Claude H. Allen filed no answer.

The plea in abatement was overruled, a jury waived, and all matters submitted to the court and judgment entered against Claude H. Allen for the sum of $2,665 with interest and against Claude H. Allen and Lela B. Dal-

7777777777777777

777

ton individually and as administratrix of the estate of Annie L. Allen, deceased, foreclosing plaintiff's liens upon the land. The decree ordered the sale of the land as under execution and directed the officer to convey the same to the purchaser and from the proceeds to satisfy plaintiff's judgment and pay the remainder, if any, to the defendants as their interest might appear, but if the proceeds were insufficient to satisfy the judgment, the officer was directed to make the balance out of the property of Claude H. Allen.

From this judgment Lela B. Dalton, as administratrix, prosecutes this appeal.

The record discloses that Annie L. Allen died on June 10, 1930; that on December 6, 1930, judgment was entered appointing Lela B. Dalton administratrix of the estate of Annie L. Allen, deceased, which judgment recites that the deceased was seized and possessed of real and personal property; that there is an indebtedness against said estate and a necessity for an administration thereon and that Lela B. Dalton is entitled to letters of administration; that on December 8, 1930, Lela B. Dalton qualified as administratrix by filing bond, which was approved, and taking the oath required by law.

The appellee failed to allege or prove that the claims upon which he bases his suit in the district court had ever been presented to the administratrix for rejection or approval.

Article 3530, R. C. S., provides: "No judgment shall be rendered in favor of a claimant upon any claim for money which has not been legally presented to the executor or administrator, and rejected by him, either in whole or in part."

"It is a general rule that the statute which requires the presentation of 'claims for money' includes within its requirements the presentation of all such claims whether secured or unsecured. Secured claims which must be presented include those in which the security consists of a mortgage, deed of trust in the nature of a mortgage—even though it contains a power of sale—or other lien. Such secured claims cannot be enforced except in the mode prescribed by the probate statutes." 14 Tex. Jur. 42, § 296.

"The rule which declares that persons having claims for money against decedents whose estates are being administered must assert them by presentation and further proceedings in the probate court, whether they be secured or unsecured, applies even where a lien is held for the purpose of securing the payment of purchase money, and where the holder of such vendor's lien also has the superior title to the property in question. For, although property encumbered with a purchase-money mortgage is not subject to the payment of other debts of the estate until after the payment of the purchase money, still there is the same necessity for presentation for allowance and approval, duly authenticated, as in the case of other mortgages." Id. 43, § 297.

The general rule is that the probate court, while an administration on an estate is pending, has exclusive original jurisdiction over secured claims, and in order to invoke the original jurisdiction of the district court during the pendency thereof, some question must be presented to the district court over which the power of the probate court is inadequate to grant the relief sought. 13 Tex. Jur. 608, § 25; Lauraine v. Ashe et al., 109 Tex. 69, 191 S. W. 563, 196 S. W. 501; Gregory et al. v. Ward, 118 Tex. 526, 18 S.W.(2d) 1049.

The record in this case presents no question that the probate court was without power to determine.

In the absence of any pleading asserting that the property involved constituted the homestead of Claude H. Allen and his deceased wife and that it was still used and occupied by him as such, the property was subject to administration by the probate court as part of the assets of the estate. Equitable Building & Loan Association v. Jones (Tex. Civ. App.) 36 S.W.(2d) 252; Hoefling et al. v. Hoefling et al., 106 Tex. 350, 167 S. W. 210, 211.

The property involved was the community property of Claude H. Allen and his deceased wife, Annie L. Allen, and under the law of descent and distribution one-half thereof, subject to the payment of valid indebtedness, descended to Lela B. Dalton and her rights therein did not constitute a cloud upon appellee's title because, to constitute a cloud upon the title, there must be a claim apparently valid but which is actually invalid. Appellee did not seek to rescind the sale and recover the land, but affirmed the sale and sought a foreclosure of his alleged liens.

The court should have sustained the plea in abatement.

The judgment is reversed, and the cause remanded.