**PATRIDGE et al. v. PESCHKE.**

No. 8568.

Court of Civil Appeals of Texas. Austin.

Dec. 31, 1937.

James A. King, of Austin, for appellants.

P. J. Alexander, of Smithville, for appellee.

BLAIR, Justice.

This appeal arose as follows:

On December 17, 1931, appellee, Willie Peschke, Sr., filed suit in the district court of Bastrop county upon several notes and to foreclose vendor's and deed of trust liens securing them on the lands described. The vendor's lien indebtedness was created by Tony Patridge, who died in 1922, intestate, and no administration was had on his estate. After his death his widow, Matilda, and their eight children, Ollie, Itaska, Millie, L. Major, Lem, Jesse, Lee, and Eliza, executed the notes and liens in suit, some of them representing the renewed and extended vendor's lien indebtedness, and others representing other obligations of the makers, but not debts of Tony Patridge. Eliza, who married George Burleson, died prior to this suit, leaving eight children, Waman, Henry, Early, Lula, Genola, Modesta (Maud Ester), Tony, and Evalina. Evalina, who married Rector Parks, died prior to this suit, leaving one child, George Parks. All of the above-named heirs and descendants of Tony Patridge were made parties defendant. Some of the children of Eliza and Evalina were minors and some of the defendants were cited by publication, and a guardian ad litem was appointed to represent them. On February 20, 1935, judgment was rendered in favor of appellee on the notes for $3,185.20 against the widow and seven living children of Tony Patridge, as makers of the notes, and for foreclosure of the vendor's and deed of trust liens on their fifteen-sixteenth undivided interest in the lands described. As to the remaining defendants the judgment decreed as follows: "It is expressly recognized by the court that the defendants Modesta Burleson, Tony Burleson, Lula Burleson, Genola Burleson, Early Burleson, Henry Burleson, Waman Burleson, George Parks, and Rector Parks are not obligated to pay the various obligations sued on and they have an undivided one-sixteenth (1/16) interest in the above described lands and that said one-sixteenth interest belonging to them shall in no manner or wise be affected by this judgment."

Within two years after the rendition of the judgment a motion for new trial was filed, seeking to set it aside as to Modesta Burleson, a minor at the time of the judgment and hearing of the motion, whose real name was Maud Ester Burleson, on the ground that she was improperly cited and named in the judgment as "Modesta" Burleson, and as being an attempt to deprive her of her property under a false name. If Maud Ester was not Modesta, then the judgment in favor of Modesta could not harm Maud Ester, because she would not be precluded by the judgment from asserting her rights in the lands. If Maud Ester is the same person as Modesta, then the judgment fully protected her interest in the lands. The undisputed evidence showed Maud Ester to be the same person as Modesta, she herself pronouncing her double name to sound like Modesta. Maud Ester was the one served with the citation, and a guardian ad litem was appointed and represented her interest, and the judgment fully protected her interest in the lands. It may be observed that no request was made to correct the judgment to read Maud Ester Burleson instead of Modesta Burleson, and, in view of this proceeding showing Maud Ester and Modesta to be one and the same person, no such correction is necessary.

As to Rector Parks, Tony Burleson, Lula Burleson, now Lula McDade, and Genola Burleson, the motion alleged

that they were improperly before the court, because they were cited by publication, when the residences of some of them were in Bastrop county, and of the others in the adjoining county of Travis; and that by the exercise of any reasonable diligence their residences could have been ascertained. It was further alleged that they were ignorant negroes, who were not likely to have read of the citation by publication; and that, if they had been cited, they would have appeared and defended their interests. Suffice it to say in answer to this contention that each of these parties defendant was represented by the guardian ad litem appointed by the court, and that the portion of the judgment above quoted specifically and fully protects the interest of each of them in the lands.

As to Lem Patridge, cited by publication, there was no proof that his residence in Tarrant county could have been ascertained by the exercise of reasonable diligence. He was represented by the guardian ad litem appointed by the court. He was one of the makers of the notes sued upon, and he neither alleged nor proved any meritorious defense thereto. If the allegation that some of the notes were barred by the statute of limitation were a defense, on which question we do not need to pass, then there was no proof that any of such notes were barred by limitation.

Nor is there any merit to the contention that the district court had no jurisdiction in the case because the evidence disclosed that Tony Patridge's estate had not been administered upon through the probate court, where claims such as the ones in suit could have been presented and approved. The notes and liens in suit show that the nine heirs of Tony Patridge assumed his part of the indebtedness, and they also represented the personal obligations of the makers to appellee. In such circumstances the powers of the probate court were inadequate to grant appellee full relief. Nor does a probate court have jurisdiction of such matters. Gregory v. Ward, 118 Tex. 526, 18 S.W. 2d 1049; Jones v. Hunt, Tex.Civ.App., 60 S.W.2d 1106. The record also discloses that Tony Patridge died in 1922, and that no administration on his estate had been filed nine years later, when this suit was filed in 1931. An administration of his estate in the probate court was therefore barred by the four-year limitation prescribed by article 3325, R.S. 1925, as amended by Acts 1929, c. 132, § 1, Vernon's Ann.Civ.St. art. 3325, and in such circumstances the district court had jurisdiction to try this case.

The judgment of the trial court overruling the motion for a new trial is affirmed.

Affirmed.