# NO. 12-09-00261-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| IN RE: SANDRA BURNS, INDEPENDENT EXECUTRIX OF THE ESTATE OF KENNETH WALKER, DECEASED, RELATOR | § § § | ORIGINAL PROCEEDING |

### *MEMORANDUM OPINION*

Relator Sandra Burns, independent executrix of the estate of Kenneth Walker, deceased, filed a motion to dismiss the underlying proceeding for want of jurisdiction and a motion to quash a subpoena duces tecum served by the real party in interest. The respondent denied each motion by written order.[1] In this original proceeding, Burns seeks a writ of mandamus directing the respondent to vacate these orders and issue an order granting both motions. We deny the petition.

### BACKGROUND

Kenneth S. Walker was a beneficiary of the Kenneth S. Walker Special Trust, which was administered by the real party in interest, Bank of America, N.A., trustee (BOA). On June 7, 2004, Walker executed a promissory note in the original principal sum of $73,365.54, payable 180 days after its date to BOA as trustee of the Kenneth S. Walker Special Trust. Walker died on October 21, 2004, prior to the maturity of the note. Sandra Burns was appointed as independent executrix of his estate approximately one month later.

After the note matured, BOA filed an authenticated unsecured claim in the probate proceeding and presented the claim to Burns. Burns took no action on the claim and stated in a deposition that she had no intention of paying the claim. BOA sued Burns in the district court to collect the amounts owed under the note. The relief BOA sought

---

[1] The respondent is the Honorable Charles Mitchell, Judge of the 273rd Judicial District Court, San Augustine County, Texas.

included a constructive trust on the estate assets to which Burns had obtained title. Burns filed a motion to dismiss the suit for lack of jurisdiction, which the respondent denied.

BOA prevailed in the suit and was awarded a judgment for $79,691.72, attorney's fees, and postjudgment interest. Later, BOA served Burns with a subpoena duces tecum requiring that she appear and produce certain documents related to Walker's estate. Burns filed a motion to quash the subpoena, which the respondent denied. Burns then filed this original proceeding. Burns also filed a motion for temporary relief pending the disposition of her mandamus petition. We granted the motion.

## PREREQUISITES TO MANDAMUS

A writ of mandamus will issue to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex.2004); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Walker*, 827 S.W.2d at 839-40. If the challenged judgment or order is void, the relator need not show that she had no adequate remedy by appeal. *See In re Sw. Bell. Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding).

## JURISDICTION

Burns contends that the County Court of San Augustine County has general jurisdiction of probate matters, except those contested matters that are transferred to the district court. She points out that BOA's suit was originally filed in the district court, and therefore is not a contested matter that was transferred from the county court to the district court. Consequently, she maintains, the respondent trial court lacked jurisdiction of the suit, and so the challenged orders are void. We disagree.

### Probate Jurisdiction

District courts are courts of general jurisdiction. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000). Their jurisdiction "consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by [the Texas] Constitution or other law on some other court, tribunal, or administrative body." TEX. CONST. art. V, § 8. Texas Probate Code section 4 limits the general jurisdiction of the district court

2

by granting the county court the general jurisdiction of a probate court.  *See* TEX. PROB. CODE ANN. § 4 (Vernon 2003).[2]

Section 4 provides that the county court "shall . . . transact all business appertaining to estates subject to administration, including the settlement, partition, and distribution of estates."  *Id.*  In county court probate proceedings, the phrases "appertaining to estates" and "incident to an estate" include generally all matters relating to the settlement, partition, and distribution of decedent's estates.  *Id.* § 5A(a) (Vernon 2003).  In counties, such as San Augustine County, in which there is no statutory court exercising the jurisdiction of a probate court, all applications, petitions, and motions regarding probate and administration must be filed and heard in the county court.  *Id.* § 5(b) (Vernon 2003).

## The District Court

Where, as in San Augustine County, no statutory court exercises the jurisdiction of a probate court, the contested portion of a probate proceeding may be transferred to the district court if the statutory procedure is followed.  TEX. PROB. CODE ANN. § 5(b).  When a contested matter is transferred under section 5(b), the district court has the general jurisdiction of a probate court.  *Id.* § 5(b-3) (Vernon Supp. 2008).  On resolution of the contested matter, the district court must transfer the resolved portion of the case to the county court for further proceedings not inconsistent with the district court's orders.  *Id*. Burns asserts that because BOA's suit against her cannot be considered a contested portion of the probate proceeding, the county court has exclusive jurisdiction of the suit under section 5(b).

BOA points out, however, that a part of the relief it sought in the district court was the imposition of a constructive trust.  Several courts have concluded that a county court does not have jurisdiction to impose a constructive trust in a probate proceeding. *See, e.g., In re Estate of Alexander*, 188 S.W.3d 327, 331 (Tex. App.–Waco 2006, no pet.); *Mejorada v. Gonzalez*, 663 S.W.2d 891, 893 (Tex. App.–San Antonio 1983, no writ).  These courts noted that the statute defining what matters are "appertaining to an

_____

[2] In 2009, the Texas Legislature repealed the statutes prescribing the jurisdictional scheme for probate cases and enacted new legislation.  *See* Act of June 19, 2009, 81st Leg., R.S., ch. 1351, § 12, 2009 Tex. Gen. Laws 4275-78.  The new legislation was effective on September 1, 2009.  *See id.*, 2009 Tex. Gen. Laws at 4282.  But the changes apply only to an action filed or a proceeding commenced on or after the effective date.  *See id.*, 2009 Tex. Gen. Laws at 4279.  Here, the underlying probate proceeding was commenced on November 3, 2004.  Therefore, the former law applies.  *See id.*  For simplicity, all probate code references will be to the section as it was numbered before repeal.

estate" and "incident to an estate" provides different definitions for probate proceedings in statutory probate courts and district courts than for probate proceedings in constitutional and statutory county courts. *See, e.g., Estate of Alexander*, 188 S.W.3d at 331-32; *Mejorada*, 663 S.W.2d at 892-93. For statutory probate courts and district courts, the definition includes "the interpretation and administration of testamentary trusts and the applying of constructive trusts"; for constitutional and statutory county courts, it does not. *Compare* TEX. PROB. CODE ANN. § 5A(a) *with* TEX. PROB. CODE ANN. § 5A(b). We agree with the reasoning of these courts.

It has long been the rule that when the powers of a county court exercising probate jurisdiction are inadequate to grant full relief, the district court has jurisdiction and may grant relief. *See Gregory v. Ward*, 118 Tex. 526, 533, 18 S.W.2d 1049, 1051 (1929). Despite the mandatory language of section 5(b), this rule has not changed. *See Gaynier v. Ginsberg*, 763 S.W.2d 461, 463 (Tex. App.–Dallas 1988, no writ). Therefore, where the pleadings show the jurisdiction of the county court is inadequate to grant the relief sought, the district court should exercise its probate jurisdiction. *Id*. This rule applies when a party seeks the imposition of a constructive trust. *Id.* But the mere request for a constructive trust is insufficient if the county court can grant adequate relief for all claims asserted. *See In re Stark*, 126 S.W.3d 635, 640 (Tex. App.–Beaumont 2004, orig. proceeding [mand. denied]) (holding that district court did not abuse its discretion by transferring claims to county court at law where claimant pleaded for constructive trust but damage award would provide adequate relief).

**The Trial Court's Orders**

In its original petition, BOA alleged in part that

- Walker executed the note, a copy of which was attached as an exhibit to the petition;

- BOA timely presented its duly authenticated claim to Burns;

- Burns failed to allow the claim and stated in a deposition that she had no intention of paying the claim;

- Burns obtained the actual use and possession of estate assets that should have been used to pay BOA's claim;

- Burns used these assets for her personal benefit at the expense of those entitled to the estate, including BOA;

4

- it is likely that there will be insufficient assets in the estate to satisfy BOA's claim against it;

- Burns had obtained title to certain property of the estate and would be unjustly enriched at BOA's expense if allowed to retain it; and

- BOA filed suit to collect the amounts due and owing under the note.

BOA sought a judgment for various relief including an order for payment of the claim and the imposition of a constructive trust.

By their petition, BOA sought two types of relief. One, the order for payment of the claim, would authorize execution on estate assets; the other, imposition of a constructive trust, would affect estate assets to which Burns had obtained title. The district court reasonably could have concluded that because the county court could not impose a constructive trust, its jurisdiction was inadequate to grant adequate relief for BOA's claims. Therefore, the trial court did not abuse its discretion in denying Burns's motion to dismiss BOA's suit for want of jurisdiction and her motion to quash the subpoena duces tecum served by BOA. Consequently, the trial court's orders are not void.

## DISPOSITION

Because Burns has not shown any abuse of discretion by the trial court, she has not shown that she is entitled to mandamus relief. Accordingly, Burns's petition for writ of mandamus is *denied*, and our stay is lifted.

**SAM GRIFFITH**
Justice

Opinion delivered July 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

5