## LAURAINE v. MASTERSON et al.
### (No. 7282.)

(Court of Civil Appeals of Texas. Galveston. Feb. 21, 1917. On Rehearing March 15, 1917.)

1. APPEAL AND ERROR ⟐⟿544(3) — RECORD — BILL OF EXCEPTIONS—STATEMENT OF FACTS.

The fact that no statement of facts or bills of exceptions are brought up with the record precludes reversal of the judgment except for fundamental error appearing on the face of the record, but does not affect the right to appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2417, 2424, 2479.]

2. APPEAL AND ERROR ⟐⟿332 — RIGHT TO BRING ERROR—ADMINISTRATOR.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2107, providing that in case of the death of any party entitled to an appeal or writ of error, the same may be taken by his administrator, where an insane person was represented at trial by a guardian who was satisfied with the judgment against her and did not appeal, the administrator of such insane person, the latter having died and administration been opened upon her estate, within a year after the judgment was authorized to sue out writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1842–1845.]

3. COURTS ⟐⟿472(4) — EXCLUSIVE AND CONCURRENT JURISDICTION—DISTRICT AND PROBATE COURTS.

Where the district court, through its receiver, had taken possession of all the property belonging to a son and his mother, and none of the property came into the possession of the guardian of the mother's estate appointed by the probate court on account of her insanity, the property being owned in common by the son and the mother, the district court had jurisdiction of a suit brought against the receiver on notes constituting a joint indebtedness, the lien to secure it having been given jointly by the son and mother on their common property, since the powers of the probate court were inadequate to grant plaintiff full relief, and in such cases the district court can properly be called upon to exercise its equity powers and grant adequate relief.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1212.]

4. COURTS ⟐⟿472(4)—DISTRICT COURT—JURISDICTION.

In suit on a joint indebtedness against the receiver of the property of a mother and son appointed by the district court, the court had jurisdiction to fix the priorities of the several liens asserted upon the joint property of the mother and son, and to direct the sale of the property to enforce the judgment, though the mother was insane and under guardianship by appointment of the probate court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1212.]

5. INSANE PERSONS ⟐⟿62—CLAIMS—GUARDIAN—COMPROMISE.

The rule preventing the guardian of an insane person from compromising a claim by or against the estate of his ward without the consent of the probate court had no application in suit against a guardian where the judgment rendered against him was not a compromise judgment, nor a judgment by confession.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 108, 109.]

6. RECEIVERS ⟐⟿77(1) — LIENS — CREATION AGAINST PROPERTY IN HANDS OF RECEIVER.

The owners of property in the hands of a receiver could incur debts and give a lien on the property to secure them valid as against any interest the owners had left in the property after the payment of all prior claims allowed in the receivership proceedings.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 91, 138, 144.]

Error from District Court, Harris County; J. W. Woods, Special Judge.

Petition in intervention in receivership proceedings by H. Masterson against Margaret E. Allen and another, whereon plaintiff secured judgment. After death of the named defendant, her administrator, W. V. Lauraine, brings error. Affirmed.

Rehearing denied; Graves, J., dissenting.

Jno. G. Tod and Cooper & Merrill, all of Houston, for plaintiff in error. Elliott Cage, of Houston, for defendants in error.

PLEASANTS, C. J. The writ of error by which this cause has been brought before us is from a judgment in a suit in intervention brought by defendant in error in a receivership proceeding pending in the district court for the Eleventh judicial district.

On December 26, 1908, in a suit brought

by lien creditors, Norman G. Kittrell, Jr., was appointed receiver of all the property, real or personal, belonging to A. C. Allen and his mother, Mrs. Margaret E. Allen. This receivership has been pending in the court below since the date of the receiver's appointment, and the receiver has possession of all of said property. On November 6, 1914, defendant in error, H. Masterson, filed a petition in intervention in the receivership proceeding in which he alleges the execution of two certain promissory notes by the said A. C. Allen in person and as attorney in fact for Mrs. Margaret E. Allen; said notes being described as one note, for the sum of $8,596.11, bearing date the 17th day of February, 1911, due on or before two years after date, and one note for the sum of $2,115.15, also bearing date the 17th day of February, 1911, and due on or before two years after date, each of said notes being payable to the order of the said H. Masterson.

It was further alleged that said notes were secured by deeds of trust on the property of the said A. C. Allen and Mrs. Margaret E. Allen, and that the said Norman G. Kittrell, Jr., who was at the time of the execution of said original deeds of trust and notes in possession of all of said property as receiver, acting under the orders and directions of said Eleventh judicial district court, was named as trustee in said deeds of trust. It further appears from the petition that practically all the property described in said deeds of trust is owned jointly by the said A. C. Allen and Mrs. Margaret Allen.

Said petition names as defendant A. C. Allen, Mrs. Margaret E. Allen, as a person non compos mentis, Norman G. Kittrell, Jr., as receiver of the estate of A. C. Allen and Mrs. Margaret E. Allen, and T. N. Jones, as guardian of the estate of Mrs. Margaret E. Allen, a person non compos mentis; it appearing that prior to the institution of said intervention the said Mrs. Margaret E. Allen had been duly adjudged a person non compos mentis, and the said T. N. Jones had been appointed and was then acting under such appointment by the probate court of Bosque county, as guardian of the estate of the said Mrs. Margaret E. Allen.

The petition prayed for joint and several judgments against each of said defendants in the amount of principal, interest, and attorney's fees due on said notes, and for a foreclosure of the deed of trust liens on the property described therein, for an order of the receiver to sell said property to satisfy the debt thus established, and for general relief.

No answer appears to have been filed by A. C. Allen individually; but T. N. Jones, as guardian of the estate of Mrs. Margaret E. Allen, came in on the 27th day of November, 1914, and filed his answer in which he admits the execution of the notes set out in said petition of intervention, upon information and belief, but stating that he would require the production of the notes in evidence, and further alleging upon information and belief that the notes were executed for legal services rendered the estate of A. C. Allen and Mrs. Margaret E. Allen, and were given on a contingent basis of one-half of what was saved to the said estate in certain litigation, as represented by the difference between the claims asserted and the judgment rendered, and that the said notes were secured by third deed of trust lien on substantially all of the property belonging to the said Allens. He further admits in said answer that the fees charged and evidenced by said notes were fair and reasonable.

Norman G. Kittrell, Jr., as receiver of the estate of A. C. Allen and Mrs. Margaret E. Allen, filed an answer on November 21, 1914, which contains a general demurrer and general denial, and submits to the court the question whether or not the said notes and deeds of trust having been executed pending the receivership should be asserted as a lien taking precedence over unsecured claims against the said A. C. Allen and Mrs. Margaret E. Allen, or either of them, existing prior to the dates of said notes.

Judgment was rendered in said suit in intervention on 27th day of November, 1914, which, after reciting the personal appearance of all parties defendant, and that a jury was waived and all matters of fact and of law submitted to the court, further recites that the court, having been advised in the premises, found as a fact that the intervener's cause of action was liquidated and evidenced by the promissory notes hereinbefore described, and that the answer of the guardian showed that said notes were for services rendered to the estate of Mrs. Margaret E. Allen, under a contract that was fair and reasonable under the circumstances, and of which the ward received the benefit of the services of the said H. Masterson; that said notes were secured by deeds of trust on the property described in said judgment; that said trust deeds were subordinate to existing deeds of trust in favor of J. J. Sweeney and also to the deed of trust held by H. Kempner and H. Masterson; and that the attorney fees named in said notes has accrued. It was therefore ordered and adjudged by the court that the said H. Masterson have judgment against all the parties, jointly and severally, in the sum of $12,652; that deed of trust lien described in said petition as it existed on February 17, 1911, be foreclosed, and that said property be ordered sold under execution or order of sale, or otherwise, as the court may hereafter order to satisfy said judgment, by the receiver, Norman G. Kittrell, Jr., who was instructed and ordered to make deed to the purchaser thereof, subject to the further order of the court as to the method of sale, and subject also to the first lien in favor of J. J. Sweeney and the second lien in favor of H. Kempner and H. Masterson. Said judgment contained

the further recital that it appeared to the court that R. M. Vaughn, N. H. Atkinson, John C. Williams and S. Kahn and M. Kahn, as assignees of H. E. Kahn, held notes of like kind secured by the same deeds of trust, whereupon it was adjudged by the court that the proceeds arising from the sale of the property described in said deeds of trust should be prorated among and between the said Williams, Vaughn, Atkinson, Masterson, and Kahn Bros., in proportion to the amounts due them. All costs were adjudged against the defendants, provision was made for the issuance of writs to enforce the judgment, and it was further adjudged and decreed by the court that no personal judgment be awarded the intervener against A. C. Allen for any deficiency or balance that may exist on the judgment after the sale of the property described therein. None of the parties defendant in said judgment excepted thereto or gave notice of appeal therefrom, and none of them are parties plaintiff in the writ of error.

On the 2d day of February, 1915, the said Mrs. Margaret E. Allen died, and plaintiff in error has been duly appointed by the county court of Harris county, Tex., as temporary administrator, and later as permanent administrator of said estate; and acting as such administrator, on the 26th day of November, 1915, filed with the clerk of the district court of Harris county his petition for writ of error, upon which service has been duly had, and has filed his assignments of error, and now brings said judgment before this court for review and correction. The record contains neither statement of facts nor bills of exception.

Before considering the assignments of error we will dispose of the contention of defendant in error that plaintiff in error has no right to prosecute this writ of error. Unless the right of appeal is given by statute such right does not exist. Article 2107, Vernon's Sayles' Statutes, provides:

"In case of the death of any party entitled to an appeal or writ of error, the same may be taken by his executor, administrator or heir."

The contention of defendant in error is thus stated in his brief:

"While the statute provides that an administrator may take an appeal in case of the death of a party entitled to appeal, it seems clear to us that this was meant only to affect cases where the party himself dies pending his right of appeal, and not a case such as the one at bar where the party for whom the appeal is taken was represented at the trial by a guardian who was satisfied with the judgment and did not appeal. In such case the parties' rights are concluded by the judgment, and the administrator is estopped from appealing."

[1, 2] The right of appeal by writ of error is not lost by the failure to except to the judgment of the lower court. The fact that no statement of facts or bills of exceptions is brought up with the record precludes a reversal of the judgment except for fundamental errors apearing upon the face of the

record, but does not affect the right to appeal. The guardian might have sued out this writ of error at any time within a year after the judgment was rendered if his ward had not died and an administration been opened upon her estate in the meantime. Mrs. Allen was the real party in interest, and she having died and plaintiff in error having become the representative of her estate, and the right of the guardian having terminated by Mrs. Allen's death and the appointment of an administrator, we think the administrator was authorized, under the statute above quoted, to sue out this writ of error. A contrary holding would, we think, be too restricted and literal a construction to place upon a remedial statute.

[3] The first assignment of error presented by plaintiff in error is as follows:

"The district court was without jurisdiction to render judgment against T. N. Jones, guardian, and against the estate of Mrs. Margaret E. Allen, in a direct proceeding in the district court, for the reason that the probate court which appointed the said T. N. Jones guardian of such estate had exclusive jurisdiction to pass upon the validity of claims against such estate, and to classify the same and provide for their payment."

We think the jurisdiction or power of the district court to hear and determine the suit brought by defendant in error and to render the judgment, the substance of which we have before set out, cannot be questioned. That court, through its receiver, had taken possession of all the property belonging to A. C. and Mrs. Margaret Allen, and none of said property same into the possession of the guardian upon his appointment. The property is owned in common by A. C. and Mrs. Margaret Allen, the indebtedness sued on is a joint indebtedness, and the lien to secure it was given jointly by said defendants upon their common property. Other liens had been established upon the property in the receivership proceeding, and other claims were pending.

The district court having acquired jurisdiction to administer the property through a receivership, its possession of the property withdrew it from the jurisdiction of all other courts. It would in some cases be a wrongful or erroneous exercise of jurisdiction for a district court to continue to administer an estate by a receiver after the owner of the property had become insane and a guardian of her estate had been appointed, but such erroneous exercise of jurisdiction, like other errors committed on the trial of a cause, can only be availed of on appeal when timely exception is made and properly preserved for presentation to the appellate court. If, however, in this case the guardian of Mrs. Margaret Allen had claimed the right to have the claim against his ward passed on by the probate court, had preserved proper exceptions to the action of the trial court in proceeding to determine the cause and render judgment, the exception could not be

sustained. The nature of the case as disclosed by the foregoing statement was such that the powers of a probate court were inadequate to grant the defendant in error the full relief to which he was entitled, and it is well settled that in such cases the district court can properly be called upon to exercise its equity powers and grant adequate relief. Cannon v. McDaniel, 46 Tex. 303; George v. Ryon, 94 Tex. 317, 60 S. W. 427; National Guaranty Loan & Trust Co. v. Fly, 29 Tex. Civ. App. 533, 69 S. W. 231; Stewart v. Webb, 156 S. W. 537.

The second assignment assails the judgment on the ground that the district court was without jurisdiction to render the judgment fixing the priority of the claims and liens established by the judgment, and the third assignment complains of that portion of the judgment ordering the sale of the property, on the ground that said court had no power or jurisdiction to order or direct and control the sale of the property belonging to the guardian's ward.

[4] Neither of these assignments can be sustained. Fixing the priorities of the several liens asserted upon the property and directing the sale of the property to enforce the judgment is an essential part of the jurisdiction of the court in suits of this character. In many cases, and this is especially true in this case, the court could not give that adequate and complete relief to which defendant in error is entitled unless that court directed the sale of the property. The debt and mortgage is joint and the mortgage is upon property owned in common by A. C. Allen and Mrs. Margaret Allen. Defendant in error is entitled to have the whole of the property sold to pay the entire indebtedness, and this right often is, and may be in this case, of great importance. The probate court is without power to make a sale of the whole of the property, and defendant in error cannot be required to divide his claim and security and have one portion of the judgment enforced by a sale made by the probate court and the other by sale directed by the district court. The rule which denies jurisdiction to the probate court to adjudicate the case, because of the inadequacy of the powers of such court to render a judgment adjusting the equities of the parties so as to grant full relief, necessarily denies to that court the right to enforce the judgment of the district court, by ordering and directing the mode and manner of the sale of the property, when the sale which the court has power to make would not give the defendant in error such enforcement of his judgment as is adequate and necessary to his full relief.

What we have said in discussing the assignments before mentioned disposes of the question presented by the fourth assignment, and said assignment is overruled without discussion.

[5] By the fifth assignment the judgment is attacked on the ground that it was rendered on the confession of the guardian which he had no authority to make. The answer of the guardian has been set out and also the recitals of the judgment, and it does not appear from either that the judgment was upon confession. The guardian admitted certain facts to be true, and the court so finds. In the absence of a statement of facts we cannot know that the facts admitted by the guardian were not shown to be true by the undisputed evidence, and if the establishment of the admitted facts was necessary to entitle defendant in error to the relief asked, which does not appear, we know of no rule which required the guardian to deny facts known to be true. The rule which prevents a guardian from compromising a claim by or against the estate of his ward without the consent of the probate court had no application since the judgment rendered in this case is in no sense a compromise judgment, nor, as before stated, a judgment by confession.

The sixth assignment is without merit, and is overruled without discussion.

[6] The seventh and eighth assignments complain of the judgment on the ground that the lien upon the property which was foreclosed by the judgment was illegal and void because at the time it was given by A. C. Allen and Mrs. Margaret Allen the property was in custodia legis. This contention cannot be sustained. It may be conceded that one cannot acquire a lien upon property of an insolvent debtor in the hands of a receiver which would affect the rights of other creditors of the debtor, but we can see no reason why the owner of property in the hands of a receiver may not incur debts and give a lien on the property to secure the same, which would be valid as against any interest the owner might have left in the property after the payment of all prior claims allowed in the receivership proceedings, just as the heir may mortgage his interest in an estate which is in process of administration. In such case, after the debts of the estate are paid, the remaining interest of the heir would be subject to the mortgage, and in this case, we think, the mortgage should be held valid upon the interest of the mortgagor in the property remaining after the payment of all debts of the receivership. As we have before stated, the receiver has not appealed from the judgment, and there is no statement of facts. In these circumstances, we cannot presume that the rights of any creditors of Mrs. Margaret Allen were infringed upon by the judgment.

The objection to the judgment made in the ninth assignment is one that cannot be sustained in the absence of a statement of facts, if it be conceded, for the sake of argument, that the proposition submitted under the assignment is abstractly considered a correct legal proposition.

This disposes of all of the assignments presented in the brief of plaintiff in error,

and our conclusions upon the questions presented require that the judgment be affirmed; and it has been so ordered.

Affirmed.

### On Motion for Rehearing.

PER CURIAM. Rehearing denied.

GRAVES, J. (dissenting). For the same reasons and to the same extent as expressed in a dissenting opinion filed on April 11, 1917, in the companion case to this one, to wit, No. 7283, H. N. Atkinson, Intervener, v. W. V. Lauraine, Temporary Administrator, etc., 193 S. W. 712, the writer dissents from the action of the majority of the court in refusing this motion for rehearing, and here refers to that dissenting opinion for full statement of his reasons, and of the action he thinks should have been taken also in this case.