**JONES et al. v. HUNT.**

**No. 1128.**

Court of Civil Appeals of Texas. Eastland.

May 26, 1933.

Rehearing Denied June 16, 1933.

Harry R. Bondies, of Sweetwater, for appellants.

Hamner & Ponder, of Sweetwater, for appellee.

LESLIE, Justice.

D. T. Hunt filed this suit against Dr. A. L. Jones and C. A. Jones, administrators, and George Hartin. From a judgment in plaintiff's favor on purchase-money obligation and for foreclosure and sale of certain lands out of the district court the administrators and Hartin prosecute writ of error to this court. The record contains no statement of facts nor findings of fact and conclusions of law. The parties will be referred to as in the trial court.

The defendants' contention that the court erred in its judgment is predicated on four propositions of law, which, in effect, present but two primary questions, to wit: One involving res adjudicata and the other the authority of the district court to adjudicate the issues presented. In other words, the defendants contend that the suit involves matters and rights appertaining to the estates of deceased persons, and therefore justiciable solely in the probate court under article 5, § 16, of the Constitution, and article 3290 of the Revised Statutes.

To clearly reflect the issues and our rulings it becomes necessary to make a substantial statement of the record before us as they may be gathered from the pleadings of the plaintiff and as reflected in the judgment.

November 27, 1923, Mrs. N. B. Robertson, a feme sole, and Mrs. J. W. Hartin, a feme sole, jointly purchased from D. S. Lane and wife a 177-acre tract of land situated in Nolan county, Tex. The transaction was evidenced by the usual deed of conveyance, reciting that a part of the consideration paid was evidenced by joint and several promissory vendor's lien notes of the grantees. These were payable in Nolan county and the notes as well as the deed specifically recited the vendor's reservation of lien on land to secure payment, etc. The first note was paid and all interest to November 29, 1929.

On January 4, 1924, Lane sold said unpaid notes, etc., to plaintiff D. T. Hunt and conveyed to him "all of said notes and all the rights, title and interest owned or held in said land by virtue of said notes and also the vendor's lien rights, equities, title and interest in said land. * * *"

Plaintiff further alleged:

"That the said Mrs. J. W. Hartin died intestate and no administration has been had upon her estate and George Hartin, the defendant, who is her son, is the only heir of Mrs. Hartin and inherited all her interest in said property herein described.

"That Mrs. N. B. Robertson died in the year 1930 and that the probate court of Brown County, Texas, granted original letters of administration upon the estate of said Mrs. N. B. Robertson, deceased, on the 29th day of October, 1930, to the defendants Dr. A. L. Jones and C. A. Jones, and that said defendants qualified as such administrators, and the said defendant Dr. A. L. Jones is now acting as administrator of said estate and has been ever since his appointment."

Also it appears from plaintiff's petition that, within a year after the death of Mrs. N. B. Robertson, the plaintiff, on or about November 24, 1930, presented to the administrators his claim for principal, interest, etc., evidenced by said notes, and that it was rejected November 24, 1930. That within ninety days thereafter plaintiff filed suit in the district court of Nolan county to establish the claim as valid against the estate of Mrs. Robertson. That subsequently thereto, at the April term, 1931, of said court, after due notice, etc., the plaintiff recovered judgment establishing such claim against said estate of Mrs. N. B. Robertson. In that suit the decree established that the indebtedness was secured by a valid and subsisting vendor's lien, and provided that the judgment be certified to the probate court of Brown county. The pleadings then contain this specific allegation: "That thereafter the said administrators, though often demanded, have wholly failed and refused, and still fail and refuse to pay the principal, interest or attorneys' fees due on said notes and as adjudged to be due by the judgment of the district court of Nolan County and same remains wholly unpaid."

It is further alleged that, by reason of the execution of said notes by Mrs. N. B. Robertson and Mrs. J. W. Hartin, their heirs and administrators jointly and severally became liable and promised to pay to the plaintiffs the full amount of principal, interest, etc., evidenced by the notes, and that "by reason of the nature of this case as disclosed by the averments above, and by reason of the fact that this suit involves controversies and issues over which and between parties over whom the probate court of Brown County does not have jurisdiction, because the powers of the probate court of Brown County are inadequate to grant plaintiff the full relief to which he is entitled, that this court has jurisdiction and should grant such relief."

Under the foregoing allegations the plaintiff sought and obtained a judgment decreeing the liability of the estate of the said Mrs. N. B. Robertson and J. W. Hartin for the sum of $1,160, with interest, attorneys' fees, etc.

The judgment not only established the indebtedness and a vendor's lien as against the estates, but it decreed a foreclosure of the lien and directed that the land be sold as under execution and the proceeds of said sale applied first to the court costs and costs of making sale, and then to the payment of the amount due on the principal, interest, and attorneys' fees in said note and judgment. The prayer was that the remainder, if any, be paid to the defendants as administrators of the estate of Mrs. N. B. Robertson, deceased, and to George Hartin as the only heir of Mrs. J. W. Hartin, deceased. The judgment finds that the defendant George Hartin is the only heir of Mrs. J. W. Hartin, deceased, and that he inherited no other property from her estate than the land herein described, and it provides that he shall not be personally liable for the payment of any amount of this judgment, but that the vendor's lien shall be foreclosed as against the land. The judgment further specifies that, if the property should not sell for enough to pay the indebtedness, the balance constitute a claim against the estate of Mrs. N. B. Robertson to be paid in due course of administration.

Upon the record disclosed it is contended (1) that the plaintiff's pleadings failed to confer jurisdiction upon the district court to adjudicate concerning the estate of Mrs. J. W. Hartin; (2) that, since the claim as against the estate of Mrs. Robertson had already been reduced to judgment and certified to the probate court of Brown county, that matter, in so far as the district court was concerned, had become res adjudicata, and that court was without further power to act concerning it "other than to certify it to

the county court of Brown County for observance."

Summarizing briefly, George Hartin's mother died intestate, leaving him as the only heir. No administration has been taken out on the estate, which presumptively is in his possession, who, according to the judgment, inherited no other property from his mother. It is not alleged that her estate is insolvent, or that the debt in suit is the only claim against the estate. Though duly cited, the defendants defaulted when the cause came up for trial. So far as disclosed by this record, no suggestion of the necessity of administration of the estate of Mrs. Hartin has been made by any one.

 From the standpoint of defendant Hartin, the legal effect of such facts, we think, is clearly set forth in the opinion in Solomon v. Skinner, 82 Tex. 345, 18 S. W. 698. As to him, we think a cause of action was stated. We do not overlook, but fully recognize, the general rule that a claim against the estate of a deceased person must ordinarily be enforced through the administrator and not directly against the heirs. However, after a careful consideration of this record, we are convinced that, from the standpoint of Hartin, the case falls within the well-recognized exception to the general rule, which exception is stated by our Supreme Court through Justice Gaines in the above authority. Further, testing the plaintiff's case by the contentions made by the administrator, or by all of the defendants as to that matter, we think the jurisdiction and power of the district court to hear and determine the suit and to render the judgment, the substance of which is above indicated, cannot be questioned, especially when viewed in the light of the opinion in Lauraine v. Masterson (Tex. Civ. App.) 193 S. W. 708, and the other authority cited.

In the Solomon-Skinner Case the pleading, held by the court to state a cause of action, presented in its essential features, along with the usual and ordinary allegations, the bare allegations of insolvency of the decedent and the fact that no administration was pending. There it was sought to enforce a vendor's lien to which no claims were superior, and the petition was silent as to the necessity for administration and contained no allegation that it was the only debt or claim against the estate. The particular facts alleged were supplemented, however, with the showing generally that the powers of the probate court were inadequate to grant the relief to which the plaintiff was there entitled. There, as here, the plaintiff sought merely to subject the land to the payment of her debt, and, after a careful consideration of the jurisdiction of the probate court and of the district court under such a state of facts, the court used this language: "But the plaintiff in this case, by her trial amendment, seeks

only to subject the land to the payment of her debt, and her lien as to that land is superior to all other claims whatever. Why, then, subject her to the expense of forcing an administration upon the estate of her alleged debtor, of bringing in the administrator when appointed, and then of taking her claim to the county court, to be enforced through the tedious and expensive process appropriate to that tribunal?"

The effect of the opinion is that it was not necessary for her to do so, and, in the ultimate conclusions reached, that court made the additional observation that "the defendants in this case could have caused letters of administration to issue had they so desired. They have not done so, and it is not perceived that administration is at all necessary to protect their rights. No allowance which could be made to them would take priority over the claim of plaintiff as to the land which is sought to be subjected to the payment of her lien."

Such is the character of the case before us, and the exception to the general rule as above announced is fully recognized and followed in numerous authorities, and the nature of such case is aptly stated by Chief Justice Cureton in an able opinion in Gregory v. Ward, 118 Tex. 526, 18 S.W.(2d) 1049. It was there held that, in a case which from its nature involves controversies and issues over which and between parties over whom the probate court could have no jurisdiction, and the controversies and parties are such that the powers of the probate court are inadequate to grant the full relief to which such parties are entitled, the district court has jurisdiction and may grant relief. Supporting such rule the Chief Justice in that case cited Cannon v. McDaniel, 46 Tex. 303; George v. Ryon, 94 Tex. 317, 60 S. W. 427; Lauraine v. Ashe, 109 Tex. 69, 191 S. W. 563, 196 S. W. 501; Lauraine v. Masterson (Tex. Civ. App.) 193 S. W. 708, 711. To these we add the following additional authorities, some applying, and all recognizing the rule deduced from the opinions in the Solomon and the Lauraine cases: Brooks v. O'Connor, 120 Tex. 126, 39 S.W.(2d) 14 (opinion by Com. App., approved by Supreme Court); Citizens' Natl. Bank v. Billingsley (Tex. Civ. App.) 800 S. W. 648 (writ refused); Willis v. Graf (Tex. Civ. App.) 257 S. W. 664; Bartholomew v. Bartholomew (Tex. Civ. App.) 264 S. W. 721; Gregory v. Ward, 118 Tex. 526, 18 S.W.(2d) 1049; Tyson v. Union Central Life Ins. Co. (Tex. Civ. App.) 53 S.W.(2d) 79; Farmers' & Merchants' Nat. Bank v. Jones (Tex. Civ. App.) 254 S. W. 251; Nevill v. Hinkle (Tex. Civ. App.) 276 S. W. 324; Equitable Bldg. & Loan Ass'n v. Jones (Tex. Civ. App.) 36 S.W.(2d) 252.

It is true, in the case of Gregory v. Ward, the court directed that the judgment, after being obtained in the district court, be certi-

fied to the probate court for observance. That holding was correct under the facts of that case, but the facts of the instant case distinguish it from that one and others like it, and bring this one at once within the exception to the general rule. Some of the outstanding distinguishing features we here point out.

When Mrs. Robertson and Mrs. Hartin purchased the land being foreclosed on, it was conveyed to them jointly, and they became the common owners thereof. The notes and vendor's liens became their joint obligation. The plaintiff Hunt, who acquired the notes and lien, with all the rights of the original vendor, is clearly entitled to have the whole of the property sold at one time to pay the entire indebtedness, and, as said in the Lauraine Case, "this right often is, and may be in this case, of great importance." We think the record fully warrants the conclusion that such a sale would, not only be to the interest of the plaintiff, but would also be to the best interest of the respective estates of Robertson and Hartin, since a more advantageous sale may be had of the entire property than undivided interests therein through different and widely separated probate tribunals.

The probate court of Brown county had no jurisdiction whatever over George Hartin or the estate of his deceased mother. As noted, the land is situated in Nolan county and Mrs. Hartin died in that county. Now, if the interest of Mrs. Robertson is required to be sold through the probate court, and then like administration is forced on the estate of Mrs. Hartin and her undivided interest sold through the probate court, it is not difficult to see that large and unnecessary costs will accumulate, eating up the plaintiff's security, as well as any possible residue that might be left equally to the Hartin and Robertson estate.

Under these circumstances it is obvious that this case is even a stronger one for the proceeding and judgment in the district court than the case of Solomon v. Skinner, and the adoption of a proceeding involving "the tedious and expensive process appropriate to the probate tribunal" would, in our opinion, be tantamount to a deliberate waste of the estate of each of the decedents. In discussing the class of cases in which the powers of the probate court are held to be inadequate to grant relief to which the parties are entitled, the court, in Lauraine v. Masterson, supra, used this language: "In many cases, and this is especially true in this case, the court could not give that adequate and complete relief to which defendant in error is entitled unless that court directed the sale of the property. The debt and mortgage is joint and the mortgage is upon property owned in common by A. C. Allen and Mrs. Margaret Allen. Defendant in error is entitled to have the whole of the property sold to pay the entire indebtedness, and this right often is, and may be in this case, of great importance. The probate court is without power to make a sale of the whole of the property, and defendant in error cannot be required to divide his claim and security and have one portion of the judgment enforced by a sale made by the probate court and the other by sale directed by the district court. The rule which denies jurisdiction to the probate court to adjudicate the case, because of the inadequacy of the powers of such court to render a judgment adjusting the equities of the parties so as to grant full relief, necessarily denies to that court the right to enforce the judgment of the district court, by ordering and directing the mode and manner of the sale of the property, when the sale which the court has power to make would not give the defendant in error such enforcement of his judgment as is adequate and necessary to his full relief."

This excerpt from that opinion, we think, states in apt language the legal effect of the facts presented by the instant case. In that case a writ of error was refused by the Supreme Court on February 13, 1918, at a time when the opinions of that court in Lauraine v. Ashe, 109 Tex. 69, 191 S. W. 563, 196 S. W. 501, were well in mind. The authority of Lauraine v. Masterson, supra, is well recognized by our Supreme Court in recent decisions in Gregory v. Ward, supra, and Brooks v. O'Connor, 120 Tex. 126, 39 S.W.(2d) 14, and numerous others not necessary to cite.

In reaching these conclusions we are aware of the rule applied in many cases requiring the judgment of the district court establishing claims and liens to be certified to the probate court for observance. Some of the cases above cited illustrate the same. In those cases the powers of the probate court were found adequate to effect the administration of the estate in an expeditious and economical manner, and those cases did not embody a complicated state of facts such as are involved in this case rendering the powers of the probate court inadequate as above pointed out.

The fact that it became necessary for the plaintiff to establish his claim and lien against Mrs. Robertson's estate, after they were rejected, is of no importance in the decision of this case. The judgment here is but a reaffirmation of that judgment under circumstances that reveal no harm or prejudice to that estate and is a proper recognition of the right of the plaintiff under the terms of the original contract.

For the foregoing reasons all the defendants' propositions are overruled, except the seventh, which is to the effect that, since the plaintiff's pleadings disclose that the estate of Mrs. J. W. Hartin owned a one-half interest in the land, the judgment should have provided that one-half of the remainder

be paid over to the estate of Mrs. Hartin instead of providing that all of it be paid over to the estate of Mrs. N. B. Robertson. We sustain this proposition and reform the judgment accordingly. Not only plaintiff's pleadings disclose the equal interest of said estates in such residue after payment of costs and debt, but the plaintiff's prayer is in harmony with the contention here made by the defendants. How the error crept into the record is not disclosed. That, however, is of no importance, and under the law our duty is to recognize it without regard to its effect in matters of cost.

The judgment will be reformed as above indicated, and, as reformed, affirmed.